**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2594-23

SALOME MONTES WARD,

    Plaintiff-Respondent,

v.

ANTHONY VOLLARO,

    Defendant-Appellant.

_____

> Submitted May 12, 2025 – Decided June 11, 2025
>
> Before Judges Sabatino and Berdote Byrne.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0350-12.
>
> Fava Law, LLC, attorneys for appellant (Sandra C. Fava, of counsel and on the briefs).
>
> Sarno da Costa D'Aniello Maceri Webb, LLC, attorneys for respondent (Scott D. Danaher, of counsel and on the brief; Michelle Wortmann, on the brief).

PER CURIAM

Defendant Anthony Vollaro appeals from the Family Part's March 14, 2024 order denying his request for modification or termination of alimony, retroactive modification of alimony, modification of child support, retroactive modification of child support, and counsel fees. He contends the trial court erred in finding he failed to present a prima facie case of changed circumstances warranting modification or termination of his post-marital support obligations and in finding he was not entitled to counsel fees. Because we conclude defendant presented a prima facie case of changed circumstances, we reverse the trial court's order and remand for discovery and a plenary hearing if necessary, consistent with this opinion. We vacate the order denying counsel fees without prejudice, pending further developments on remand.

I.

The parties were married for approximately seventeen years, from September 14, 1996, until their divorce on August 5, 2013. There are two now-emancipated children born of the marriage. The parties voluntarily entered into a Marital Settlement Agreement ("MSA"), incorporated into their Final Judgment of Divorce, where defendant agreed to pay limited duration alimony to plaintiff in the amount of $175,000 a year, calculated upon a base salary of $580,000, and agreed to pay plaintiff an additional twenty percent of any

additional income earned over this base salary until the earlier occurrence of either party's death, plaintiff's remarriage, or July 31, 2028. Additionally, defendant agreed to pay plaintiff child support in the amount of $36,000 a year and three percent of any "additional earned income," also calculated from his base salary of $580,000. Child support was to continue until the children's respective emancipation, where defendant's obligation would be reduced by $18,000 per year upon the emancipation of each child.

In August 2019, the parties' older child began attending college. This prompted defendant to inform plaintiff via text message and letter of his request to discuss modifying his child support obligation to reflect their daughter's attendance at college. In July 2020, defendant filed a motion to compel enforcement of Paragraph 81 of the parties' MSA, which provides "[i]n the event that they cannot resolve any dispute between them, [defendant] and [plaintiff] shall participate in at least one mediation session before either brings an application to the [c]ourt, except in the event of an emergency." Defendant claims this motion concerned mediating the issue of his child support obligation regarding his older child attending college. Mediation was unsuccessful, and in 2021, defendant's younger daughter began attending college. Defendant's

3

daughters graduated from college in December 2022 and May 2024, respectively, and at the time of this appeal they are both emancipated.

Amid the parties' mediation attempts regarding defendant's child support obligation, defendant was notified by his employer on March 11, 2022, that his salary of $600,000 was to be reduced by approximately fifteen percent to $512,000. Soon after, defendant was notified on July 5, 2022, that he would be terminated on January 5, 2023, without severance. At the time, defendant was paying marital and child support pursuant to his MSA according to the base salary of the MSA, which was $580,000.

On November 2, 2023, defendant filed in the Family Part the now motion on appeal to modify his support obligations. The motion included a request to modify his child support obligations at this time, his youngest daughter was not yet emancipated—and for retroactive modification of his child support for each daughter's respective time in college. The motion also included a request for modification or termination of defendant's alimony obligation and for retroactive modification of his alimony obligation based upon changed circumstances, and for counsel fees.

Oral argument on the motion was heard on January 19, 2024. Defendant argued his children's respective attendance at college and his termination of

employment amounted to changed circumstances warranting modification of both his support obligations. Additionally, with respect to his alimony obligations, defendant questioned plaintiff's need for such payments, citing her ownership of several properties totaling over four million dollars, her ability to speak four languages, her having a master's degree, and not working since the parties' divorce.

In a written order dated March 14, 2024, the Family Part denied defendant's motion in its entirety. It found defendant's unemployment was only temporary, which did not amount to "changed circumstances" warranting modification of his child support obligation, or modification or termination of his alimony obligation, or any retroactive modification of his alimony obligation. The trial court also found defendant was not entitled to retroactive modification of his child support obligations because "[w]hile the expenses as to the children may have changed upon their entrance to college, it does not mean that the financial burden on the [p]laintiff decreased." Finally, the trial court denied defendant's request for counsel fees, finding no bad faith on plaintiff's part warranting such relief. This appeal followed.

5

## II.

"Our review of a Family Part judge's findings is limited[,] . . . 'afford[ing] substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters.'" Voynick v. Voynick, 481 N.J. Super. 207, 220-21 (App. Div. 2025) (quoting W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021)). Pursuant to this standard, "we are bound to uphold a finding that is supported by sufficient credible evidence in the record." Moynihan v. Lynch, 250 N.J. 60, 90 (2022). "We will reverse only if we find the [court] clearly abused [its] discretion." Voynick, 481 N.J. Super. at 221 (alterations in original) (quoting Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012)).

"We apply that deference to a Family Part judge's decision regarding a motion to amend a marital-support obligation," Ibid.., or a child support obligation, Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012). "Thus, a Family Part judge's decision regarding a support obligation should not be disturbed unless 'the court made findings inconsistent with the evidence or unsupported by the record or erred as a matter of law.'" Voynick, 481 N.J. Super. at 221 (quoting Reese v. Weis, 430 N.J. Super. 552, 572 (App. Div. 2013)). We review questions of law and statutory interpretation decisions de novo. See Cardali v. Cardali, 255 N.J. 85, 107 (2023).

A.    Changed Circumstances

N.J.S.A. 2A:34-23 grants the Family Part authority to modify alimony and child support awards. Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015). The statute provides alimony and child support orders "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. "Our courts have interpreted this statute to require a party who seeks modification to prove 'changed circumstances[.]'" Spangenberg, 442 N.J. Super. at 536 (alteration in original) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980)). If the party seeking modification presents a prima facie case of changed circumstances, a court may order discovery, and a plenary hearing if necessary, to determine whether there are sufficient changes in the need for support and ability to provide support to warrant modification or termination. Miller v. Miller, 160 N.J. 408, 420 (1999). Our courts have previously recognized situations giving rise to a prima facie case of changed circumstances, such as an "increase or decrease in the supporting spouse's income," Lepis, 83 N.J. at 151, and "maturation of a child and his or her changing needs," J.B. v. W.B., 215 N.J. 305, 313 (2013).

When assessing changed circumstances, a trial court must examine the parties' current situation and compare it to the situation when the support

obligations were initially entered. Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990) ("[I]t is clear that the changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations."); see also Deegan v. Deegan, 254 N.J. Super. 350, 354-55 (App. Div. 1992) ("An analysis of 'changed circumstances' is not limited to what the parties might have contemplated at the time of the divorce . . . . [but rather] 'whether the change in circumstances is continuing and whether the agreement or decree has made explicit provision or the change.'"(quoting Lepis, 83 N.J. at 152)). "[T]he same legal principles of changed circumstances . . . apply to both a termination and modification of a[] [support] obligation . . . ." Voynick, 481 N.J. Super. at 223. The proof required to establish a prima facie case of changed circumstances is not rigorous. See Temple v. Temple, 468 N.J. Super. 364, 370-71 (App. Div. 2021) ("[I]f . . . a movant must check off [all statutory factors] to meet the burden of presenting a prima facie case, a finding of [changed circumstances] will be as rare as a unicorn. . . . [D]etermining whether a prima facie case has been presented is far less mechanical.").

The record indicates defendant was notified on March 11, 2022, his salary of $600,000 was to be reduced by approximately fifteen percent to $512,000,

and he was later notified on July 5, 2022, the was to be terminated on January 5, 2023, without severance. At the time, defendant was paying marital and child support pursuant to his MSA, which stated defendant's base salary was then $580,000. Defendant's 2022 reduction in salary and subsequent 2023 termination reflect a "decrease in the supporting spouse's income" when compared to defendant's base salary of $580,000, and the trial court erred in concluding defendant did not present a prima facie case of changed circumstances. Lepis, 83 N.J. at 151. Moreover, although the trial court correctly noted we "consistently reject[] requests for modification based on circumstances which are only temporary or which are expected but have not yet occurred," ibid., it incorrectly held defendant failed to present a prima facie case of changed circumstances over a year after he had been terminated and prematurely determined defendant's unemployment was "temporary" without further discovery or a plenary hearing.

With defendant having established a prima facie case of changed circumstances, the trial court was compelled to order discovery to review whether defendant has employed his best efforts to find comparable employment, and whether he was entitled to modification of alimony pursuant to the factors outlined in N.J.S.A. 2A:34-23(k). On appeal, defendant maintains,

9

due to his age, he is unable to replace the significant salary he was earning at the time the parties agreed to the obligations in the 2013 MSA. This raises "a genuine issue of material fact" as to whether defendant's unemployment is temporary, or whether he is voluntarily underemployed, which necessitates discovery and perhaps a plenary hearing, where credibility determinations could be made. Bermeo v. Bermeo, 457 N.J. Super. 77, 83 (App. Div. 2018) (citing Lepis, 83 N.J. at 159) ("[A] movant is entitled to a plenary hearing . . . when demonstrating the existence of a genuine issue of material fact entitling the party to relief through competent supporting documents . . . .").

B.    Retroactive Modification of Alimony

Retroactive reduction of alimony payments is generally "left to the sound discretion of the trial judge." Walles v. Walles, 295 N.J. Super. 498, 514 (App. Div. 1996). As such, we decline now to determine whether defendant is entitled to retroactive modification. Instead, we await the discovery after remand for the trial court to determine whether the extent and impact of defendant's reduction in salary warrants retroactive modification or termination of his alimony obligation to a date earlier than the filing of his motion. We therefore vacate the trial court's denial of defendant's request for retroactive modification of alimony and defendant's request for modification or termination of alimony and

remand for discovery and a plenary hearing, if necessary. The trial court may reconsider the retroactivity issue after the record is more fully developed.

C.     Modification of Child Support

Defendant's motion also sought modification of child support. "[A] child's attendance at college is a change in circumstance warranting review of the child support amount." Jacoby, 427 N.J. Super. at 113. Although "there is no presumption that a child's required financial support lessens because he or she attends college," trial courts are required to "assess all applicable facts and circumstances, weighing the factors set forth in N.J.S.A. 2A:34-23(a)," when presented with an application to amend child support upon a child's college attendance. Ibid.

Here, the parties stipulate their two children began attending college in 2019 and 2021, respectively. Pursuant to the express terms of the MSA, defendant was required to pay $36,000 a year in child support for his two daughters until his obligation would be reduced by $18,000 upon the emancipation of each child, and the parties do not dispute that defendant faithfully paid his support obligations while their children were unemancipated. Because "[a] child's attendance at college is a change in circumstance warranting review of the child support amount," defendant has presented a prima facie case

A-2594-23

of changed circumstances as to the amount of child support needed by each child. Ibid. However, at the time of this appeal, both children are emancipated, which renders defendant's request to modify his current child support obligations moot.

Notwithstanding the prospective mootness of defendant's request to modify his child support obligations, defendant also sought retroactive modification for child support he paid for his older daughter during her college attendance from August 2019 to December 2022, and for child support he provided his younger daughter during her college attendance from August 2021 to May 2024. Although defendant filed a notice of motion to enforce the MSA's mediation provision on July 14, 2020, allegedly to discuss modifying child support amicably, he did not move to modify his child support obligation until November 2, 2023. Defendant's July 14, 2020 notice of motion did not mention modification or termination of child support. The notice of motion provided that defendant sought to compel plaintiff "to cooperate in scheduling mediation pursuant to Paragraph 81 of the parties" MSA, or, in the alternative, if the parties could not agree on which mediator to use, sought to require "the parties to each submit two" potential mediators for the Family Part to choose from and also requested counsel fees and costs.

Pursuant to N.J.S.A. 2A:17-56.23a, defendant is not entitled to retroactive modification of his child support obligations (as distinct from alimony) "except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed." See also Burns v. Edwards, 367 N.J. Super. 29, 50 n.4 (App. Div. 2004) ("N.J.S.A. 2A:17-56.23a and 42 U.S.C. § 666(a)(9)(C) prohibit retroactive modification of child support orders except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was filed."). Accordingly, although defendant has presented a prima facie case of changed circumstances as to his child support obligations, any retroactive modification sought can only commence after November 2, 2023, unless the trial court finds, upon remand, that plaintiff had notice of defendant's intention to seek modification, or that the parties' agreement clearly contemplated the termination of child support to an earlier date without requiring a motion.

In sum, we reverse the trial court's decision finding no changed circumstances and remand the matter for discovery, and a plenary hearing, if necessary, to determine whether defendant has diligently sought comparable employment, whether he is voluntarily under-employed, and examining among other things, whether he is entitled to modification or termination of his alimony

13

obligation.  We also reverse the trial court's decision denying defendant's request for retroactive alimony and retroactive child support and remand to the trial court for determinations consistent with this opinion.  We take no position regarding the substantive outcome of those issues.  Meanwhile, the trial court's order denying counsel fees is vacated, subject to further developments on remand.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2594-23